1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11    YUTZ MCDOUGAL,                          Case No.: 19-CV-1978 JLS (BGS)

12                          Plaintiff,
                                              **ORDER: (1) GRANTING MOTION**
13    v.                                      **TO PROCEED IN FORMA**
                                              **PAUPERIS; (2) DISMISSING**
14    U.S. DEPARTMENT OF EDUCATION,           **COMPLAINT; AND (3) DENYING**
      et al.,                                 **PENDING MOTIONS**
15
                          Defendants.
16                                            (ECF Nos. 2, 15, 17, 19)

17

18         Presently before the Court is Plaintiff Yutz McDougal's Motion to Proceed *In Forma*

19    *Pauperis* ("IFP") (ECF No. 2).  Plaintiff, proceeding pro se, alleges various government

20    agencies have "interfered with [Plaintiff]'s pursuit of property and . . . [have] prevented his

21    ability to seek, acquire and prosper within the private sector."  ECF No. 1 at 16.  Plaintiff

22    seeks "discovery and disclosure from [D]efendants" as well as declaratory and injunctive

23    relief. *See id.* at 18–19.

24         Also before the Court are Plaintiff's various motions requesting to appear before the

25    Court (ECF No. 15), requesting an assessment of the Court's capability to render an

26    unbiased opinion (ECF No. 17), and requesting the status of his case (ECF No. 19).  The

27    Court addresses these motions and the sufficiency of the Complaint below.

28    ///

1    **I.      Motion to Proceed IFP**

2         All parties instituting any civil action, suit, or proceeding in a district court of the

3    United States, except an application for writ of habeas corpus, must pay a filing fee of

4    $400.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to

5    prepay the entire fee only if the party is granted leave to proceed in forma pauperis pursuant

6    to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  A

7    federal court may authorize the commencement of an action without the prepayment of

8    fees if the party submits an affidavit, including a statement of assets, showing that the party

9    is unable to pay the required filing fee.  28 U.S.C. § 1915(a).

10        Plaintiff's application to proceed IFP indicates that his average monthly income

11   during the past year was $300.00, he is currently unemployed, and he has no other assets.

12   ECF No. 2 at 1–2.  At the time of filing, Plaintiff had negative $40.00 in his bank account.

13   *Id*. at 2.  Plaintiff indicates that his monthly expenses total $290.  *Id*.  Given these facts, the

14   Court concludes Plaintiff is unable to pay the requisite fees and costs.  Accordingly, the

15   Court **GRANTS** Plaintiff's Motion to Proceed IFP.

16   **II.      Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

17        Notwithstanding IFP status, the Court must screen every civil action brought

18   pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious,"

19   "fails to state a claim on which relief may be granted," or "seeks monetary relief against a

20   defendant who is immune from relief."  28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v.*

21   *Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B)

22   are not limited to prisoner."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en

23   banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to

24   dismiss an in forma pauperis complaint that fails to state a claim").

25        A pleading, "containing as it does both factual allegations and legal conclusions, is

26   frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490

27   U.S. 319, 325 (1989) ("[The] term 'frivolous,' when applied to a complaint, embraces not

28   only the inarguable legal conclusion, but also the fanciful factual allegation.").  A pleading

19-CV-1978 JLS (BGS)

1   is "factual[ly] frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly
2   incredible, whether or not there are judicially noticeable facts available to contradict them."
3   *Denton v. Hernandez*, 504 U.S. 25, 25–26 (1992).  When determining whether a complaint
4   is frivolous, the court need not accept the allegations as true, but must "pierce the veil of
5   the complaint's factual allegations," *Neitzke*, 490 U.S. at 327, to determine whether they
6   are "'fanciful,' 'fantastic,' [or] 'delusional.'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490
7   U.S. at 328).

8          Here, the Court finds Plaintiff's Complaint "lacks an arguable basis" in both law and
9   fact and is therefore frivolous.  Plaintiff contends that multiple government agencies have
10  conspired over the course of his entire life to deprive him of fair and equal education and
11  employment opportunities.  *See generally* ECF No. 1.  Among the many allegations,
12  Plaintiff alleges the United States Department of Education enacted a plan to have other
13  students lie to lower Plaintiff's grades, force professors to deny Plaintiff advancement in
14  sporting and academic endeavors, and have professors and students cause physical and
15  mental harm to Plaintiff.  *Id.* at 7.  Once out of school, Plaintiff alleges the Department of
16  Labor, the Department of Health and Human Services, the Department of Justice, and the
17  Department of Defense arranged for Plaintiff to work at various jobs so they could force
18  Plaintiff "to perform the work the government need[ed] performed." *See id.* at 7–11. These
19  government agencies also ensured Plaintiff suffered hostile work environments and
20  "general unpleasantness" at each of these jobs.  *Id.*  Finally, Plaintiff alleges he "has been
21  forced to endure 'homelessness' in California for the past 6 years" because of "either (a)
22  an unsanctioned prison scenario used to punish certain human targets or (b) a training
23  scenario designed by the U.S. departments so named." *Id.* at 11.

24         After a review of the allegations in the Complaint, the Court finds the facts as alleged
25  are "wholly incredible" and rise to the level of "fanciful, fantastic, and delusional."
26  *Denton*, 504 U.S. at 25–26, 33 (quoting *Neitzke*, 490 U.S. at 328) (internal quotations
27  omitted).  Accordingly, the Court **DISMISSES** Plaintiff's Complaint as frivolous and
28  without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en

19-CV-1978 JLS (BGS)

1  banc) (noting that if a claim is classified as frivolous, "there is by definition no merit to the

2  underlying action and so no reason to grant leave to amend.").

3  **III.  Conclusion**

4       Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed IFP,

5  (ECF No. 2).  The Court hereby **DISMISSES** Plaintiff's Complaint as frivolous pursuant

6  to 28 U.S.C. § 1915A and without leave to amend.  Plaintiff's remaining motions are

7  **DENIED AS MOOT** (ECF Nos. 15, 17, 19).  The Court **CERTIFIES** that an IFP appeal

8  from this Order would also be frivolous and, therefore, would not be taken in good faith

9  pursuant to 28 U.S.C. § 1915(a)(3).  *See Coppedge v. United States*, 369 U.S. 438, 445

10  (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is

11  permitted to proceed IFP on appeal only if appeal would not be frivolous).  The Clerk of

12  Court **SHALL CLOSE** the file.

13       **IT IS SO ORDERED.**

14  Dated:  April 20, 2020

15  Hon. Janis L. Sammartino

16  United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28

4

19-CV-1978 JLS (BGS)